KAREN R. BAKER, Justice, concurring. While I agree with the majority on the outcome of this case, I would reach the result through different means. Therefore, I concur. la/The majority holds that a jury could have found substantial evidence that the ARA’s failure to deliver Robert Bodily’s software and source code to Real Forms was a material breach of contract. I would not reach the issue. It is uncontested that ARA did not provide Real Forms with the Bodily software and source codes. The majority holds that this was a breach. However, the majority does not discuss whether the breach was waived by continued performance. We note that the issue of waiver was not argued on appeal. Even so, in Grayson-McLeod Lumber Co. v. Slack-Kress Tie & Stave Co., 102. Ark. 79, 143 S.W. 581 (1912), this court stated that it was the duty of the party who asserted breach, when it discovered the apparent breach of the contract, to assert the forfeiture immediately. By proceeding with the performance of the contract it waived the breach. Id. Here, Real Forms was made aware that ARA would not be provide the Bodily software and continued performance of the contract. Therefore, there is a question whether its claim of breach on this matter was waived. I concur in the result, however, because I believe that there was substantial evidence that ARA breached the contract based on its noncompliance with the contract’s required procedures for termination.[1] The jury here used a general verdict form. When a jury’s verdict is rendered on a general verdict form, it is a finding upon the whole case; this court will not speculate on what the jury found where a general jury verdict is used. Carr v. Nance, 2010 Ark. 497, 370 S.W.3d 826. The jury could have found that ARA breached the contract either through not providing the Bodily software or not complying with the notice provisions in the contract. We will not speculate as to which breach the jury found. Therefore, because there is substantial evidence that ARA did not comply with the notice provisions for termination set out in the contract, I would affirm the case without reaching the first point on appeal. I also would not reach the issue of whether the circuit court erred in denying ARA’s impossibility-of-performance instruction. Because I would affirm on the second point on appeal without reaching the matter of the Bodily software, the matter of impossibility under that point on appeal is of no moment. . There is substantial evidence to show that ARA did not provide notice of an error that prevented productive use of the software as required by section 5.6 of the contract; that the software met business requirements; and that Real Forms was not given thirty days to correct the alleged deficiencies under section 16.4 of the contract.